# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RODNEY FISHER, Individually and On Behalf of Others Similarly Situated, <br><br> v. <br><br> EXCO RESOURCES, INC. | CASE NO: 3:17-cv-00271 <br> COLLECTIVE ACTION |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.     Rodney Fisher brings this lawsuit to recover unpaid overtime wages and other damages from Exco Resources, Inc. ("Exco") under the Fair Labor Standards Act ("FLSA").

2.     Fisher and the other workers like him regularly worked for Exco in excess of 40 hours each week, but these workers never received overtime for hours worked in excess of 40 hours in a single workweek. Instead of paying overtime as required by the FLSA, Exco improperly classified Fisher and those similarly situated as independent contractors and paid them a daily rate with no overtime compensation. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Exco conducts substantial business in this District and Division and maintains its principle office in this District and Division.

## THE PARTIES

5. Fisher worked for Exco during the relevant statutory time period and was classified as an independent contractor. He worked for Exco as a Drilling Consultant from approximately May 2014 until January 2015. He performed largely technical and manual labor type job duties, at the direction of Exco and its clients. Throughout his employment with Exco, Fisher was not afforded an overtime premium for hours worked over forty in a single workweek. Instead, he was paid a day rate.

6. Fisher's written consent is attached as Exhibit A.

7. The Putative Class Members consist of:

> **Independent contractors working for Exco Resources, Inc. who were paid a day rate within the past three years.**

8. Exco may be served by serving its registered agent for service of process: **CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201**.

## COVERAGE UNDER THE FLSA

9. Exco was an employer of the Putative Class Members within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. Exco was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. Exco was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Exco employs many workers who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

12. Exco treated Fisher and Putative Class Members as employees, and uniformly

dictated the pay practices Fisher and Putative Members were subjected to.

13. Exco's misclassification of Fisher and the Putative Class Members as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

## FACTS

14. Exco is a global oil and gas exploration and production company operating worldwide and throughout the United States. In order to provide services to many of its customers, Exco contracts with certain companies to provide it with employees to perform the necessary work.

15. Many of these individuals worked for Exco on a day-rate basis, were misclassified as independent contractors, and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work. Specifically, Exco classified all these workers as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

16. For example, Fisher worked for Exco as a Drilling Consultant from approximately May 2014 to January 2015. Throughout his employment with Exco, he was classified as an independent contractor and paid on a day-rate basis.

17. In this capacity, Fisher's primary job duties included operating oilfield machinery, performing maintenance on the equipment used, and working with other oilfield employees to insert plugs, packers, and other blocking devices down well. Drilling Consultants work with their hands and physical strength to perform their job, and wear hardhats, eye protection, ear protection, and other PPE to protect themselves from the dangerous work they perform. Fisher and all Drilling Consultants' main job duty is manual labor in the oilfield. Fisher worked well in excess of 40 hours each week while employed by Exco, often for weeks at time.

18. The work Fisher performed was an essential part of Exco's core business.

19. During Fisher's employment with Exco while he was classified as an independent contractor, Exco exercised control over all aspects of his job. Exco did not require any substantial investment by Fisher in order for him to perform the work required of him. Exco determined Fisher's opportunity for profit and loss. Fisher was not required to possess any unique or specialized skillset (other than that maintained by all other workers in his respective position) to perform his job duties. Fisher worked extensively for Exco as an independent contractor from approximately May 2014 to January 2015.

20. Indeed, Exco controlled all the significant or meaningful aspects of the job duties performed by Fisher.

21. Exco ordered the hours and locations Fisher worked, tools used, and rates of pay received.

22. Even though Fisher often worked away from Exco's offices without the presence of a direct supervisor employed by Exco, Exco still controlled all aspects of Fisher's job activities by enforcing mandatory compliance with Exco's and/or its client's policies and procedures.

23. No real investment was required of Fisher to perform his job. More often than not, Fisher utilized equipment provided by Exco to perform his job duties. Fisher did not provide the equipment he worked with on a daily basis. Exco and/or its clients made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Fisher worked.

24. Fisher did not incur operating expenses like rent, payroll, marketing, and insurance.

25. Fisher was economically dependent on Exco during his employment.

26. Exco set Fisher's rates of pay, his work schedule, and prohibited him from working other jobs for other companies while he was working on jobs for Exco.

27. Exco directly determined Fisher's opportunity for profit and loss. Fisher's earning opportunity was based on the number of days Exco scheduled him to work.

28. Very little skill, training, or initiative was required of Fisher to perform his job duties.

29. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Exco and/or its clients. Virtually every job function was pre-determined by Exco and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree. The Putative Class Members did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing energy operations in the field.

30. Fisher performed routine manual and technical labor duties that were largely dictated by Exco and/or its clients.

31. Fisher was not employed by Exco on a project-by-project basis. In fact, while Fisher was classified as an independent contractor, he was regularly on call for Exco and/or its clients and was expected to drop everything and work whenever needed.

32. All the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

33. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying

them overtime, Exco paid the Putative Class Members a day-rate and misclassified them as independent contractors. Exco denied the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

34. Exco's policy of failing to pay its independent contractors, including Fisher, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

35. It is undisputed that the contractors are operating and monitoring oilfield machinery, performing manual labor, and working long hours out in the field.

36. Because Fisher (and Exco's other independent contractors) was misclassified as an independent contractor by Exco, he should receive overtime for all hours that he worked in excess of 40 hours in each workweek.

37. Exco's day-rate system violates the FLSA because Fisher and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

**FLSA VIOLATIONS**

38. Exco violated, and is violating, the FLSA, 29 U.S.C. § 207, by employing the Putative Class Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such workers for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

39. Exco knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay overtime to the Putative Class Members. Exco's failure to pay overtime and to treat them as independent contractors was neither reasonable nor made in good faith. Accordingly, the Putative Class Members are entitled to overtime in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, benefits, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

40. Numerous workers have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these workers have worked with Fisher and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these workers, Fisher is aware that the illegal practices or policies of Exco have been imposed on the Putative Class Members.

41. The Putative Class Members all regularly worked in excess of forty (40) hours per week, were not paid overtime compensation, were paid a day rate, and were classified as independent contractors. These workers are victims of Exco's unlawful compensation practices and are similarly situated to Fisher in terms of relevant job duties, pay provisions, and employment practices.

42. Exco's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Fisher's experiences are typical of the experiences of the Putative Class Members.

43. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per week. Although the issue of damages may be individualized in character, there is no detraction from the common nucleus of liability facts.

## RELIEF SOUGHT

45. Fisher respectfully requests judgment against Fisher awarding him and similarly situated employees who opt-in:

a. unpaid overtime wages;

b. an equal amount as liquidated damages

c. post-judgment interest as allowed by law;

d. reasonable attorneys' fees, costs, and expenses of this action; and

e. such other and further relief as may be allowed by law.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: ***/s/ Matthew S. Parmet***
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
Matthew S. Parmet
Texas Bar No. 24069719
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com


Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**FIBICH, LEEBRON, COPELAND,**
   **BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
Telephone: (713) 751-0025
Telecopier: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

**ATTORNEYS FOR PLAINTIFF**